UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

IN RE AMY LYNN KIRCH

      Debtor,

Bankruptcy Case No. 03-16670

---

NORTHERN FEDERAL CREDIT UNION

      Plaintiff/Appellant

Civil Action
**1:04-CV-1033 (LEK)**

      -against-

AMY LYNN KIRCH,

      Defendant/Appellee.

---

### **DECISION AND ORDER**

On August 5, 2004, Appellant Northern Federal Credit Union ("Credit Union") filed with this Court a Notice of Appeal from an Order of the United States Bankruptcy Court for the Northern District of New York, entered on July 27, 2004, dismissing Appellant's adversary proceeding.  Appellant now contends that the Bankruptcy Court erred by: (1) resolving issues of fact upon Appellee Amy Lynn Kirch's ("Kirch" or "Debtor") motion for summary judgment; (2) finding Appellee's financial records were adequate or produced in accordance with the Bankruptcy Court's prior order; and (3) finding that fraud could not be inferred from the bankruptcy pleadings themselves.  For the following reasons, the July 27, 2004 decision of the Bankruptcy Court is affirmed.

**I.**     **BACKGROUND**

On October 6, 2003, Kirch filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§ 101-1330).  Bankr. Dec. (Dkt. No. 3, App. Ex. 9) at 2.  On

November 12, 2003, the Trustee and counsel for the Credit Union examined Kirch at the meeting of creditors pursuant to 11 U.S.C. § 341(a).  The Credit Union then moved to further examine Kirch pursuant to Federal Rule of Bankruptcy Procedure 2004 and to extend the time to file an objection to the discharge ("§ 2004 Examination").  Id.  The Bankruptcy Court for the Northern District of New York granted the Credit Union's motion in an order dated January 9, 2004.  Id.  The § 2004 Examination took place on March 2, 2004.  On March 15, 2004, the Credit Union commenced this adversary proceeding seeking denial of Kirch's discharge pursuant to 11 U.S.C. § 727, alleging that Kirch: (1) failed to comply with the February 10, 2004 court order concerning the production of records in violation of § 727(a)(6); (2) failed to maintain adequate financial records in violation of § 727(a)(4)(A); and (3) uttered numerous false oaths knowingly and fraudulently in her bankruptcy petition in violation of § 727(a)(3).  See Complaint (Dkt. No. 3, App. Ex. 1).  Kirch filed an answer on March 29, 2004 denying all substantive allegations of the complaint and asserting the affirmative defense that the complaint failed to state a cause of action upon which relief could be granted.  See Answer (Dkt. No. 3, App. Ex. 2).  On April 9, 2004, Kirch filed a motion to dismiss.  See Motion to Dismiss (Dkt. No. 3, App. Ex. 4).

In its July 27, 2004 decision, the Bankruptcy Court converted Kirch's motion to dismiss to one for summary judgment, concluded that Kirch has met the standard for summary judgment on all three causes of action asserted by the Credit Union against her, and dismissed the complaint.  Bankr. Dec. (Dkt. No. 3, App. Ex. 9).

Appellant now contends that the Bankruptcy Court erred by: (1) resolving issues of fact upon the Debtor's motion for summary judgment; (2) finding Debtor's financial records were adequate or produced in accordance with the court's prior order; and (3) finding that fraud could

2

not be inferred from the bankruptcy pleadings themselves.  Appellant's Memo. (Dkt. No. 7) at 3.

## II.   STANDARD OF REVIEW

In reviewing the rulings of a bankruptcy court, a district court applies the clearly erroneous standard to a bankruptcy court's conclusions of fact, and reviews de novo conclusions of law.  Yarinsky v. Saratoga Springs Plastic Surgery, 310 B.R. 493, 498 (N.D.N.Y. 2004) (Hurd, J.) (citing to In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000)); In re Petition of Bd. of Dirs. of Hopewell Int'l Inst. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); FED. R. BANKR. P. 8013.  Mixed questions of law and fact are reviewed de novo.  Ernst & Young v. Bankr. Servs. (In re CBI Holding Co.), 311 B.R. 350, 360 (S.D.N.Y. 2004) (citing to In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003); In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999)).  Where the appellant challenges a grant of summary judgment, the appellate court reviews the lower court's ruling de novo because the determination that there are no genuine issues of material fact is a legal conclusion.  FDIC v. Giammettei, 34 F.3d 51, 54-55 (2d Cir. 1994).

Summary judgment may only be granted if the moving party is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact.  See Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 103 (2d Cir. 1989).  The role of the Court on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party."  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986); see also First Fed. Sav. & Loan Ass'n, 869 F.2d at 103.  The burden of showing the absence of any genuine dispute as to a material fact rests on

the party seeking summary judgment.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

**III.   DISCUSSION**

In seeking to have a debtor denied a discharge pursuant to 11 U.S.C. § 727, the Credit Union must establish the elements of each cause of action by a preponderance of evidence. D'Agata v. Hogan (In re Hogan), 193 B.R. 142, 145 (Bankr. N.D.N.Y. 1995).  "Furthermore, exceptions to discharge are to be narrowly construed in favor of a debtor and against the creditor to effectuate the fresh start purposes of the bankruptcy laws."  Id. (citing In re Verdon, 95 B.R. 877, 882 (Bankr. N.D.N.Y. 1989)).

**A.   Section 727(a)(3)**

Section 727(a)(3) provides that a discharge shall be denied when:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

11 U.S.C. § 727(a)(3).  "The purpose of this section is to provide creditors and the court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure relevant to discharge."  In re Gannon, 173 B.R. 313, 321 (Bankr. S.D.N.Y. 1994) (quoting Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3d Cir. 1992)) (internal quotations omitted).

This provision does not require that a debtor maintain "an impeccable system of bookeeping."  Meridian, 958 F.2d at 1230.  It merely requires that a debtor provide reasonable records so that creditors may ascertain the debtor's present financial condition and the nature of

any business transactions that occurred within a reasonable period prior to filing. Id. "The party objecting to discharge has the burden of proving that the records offered by the debtor are inadequate." See FED. R. BANKR. P. 4005. An objecting party under § 727(a)(3) must show: "(1) that the debtor failed to keep or preserve adequate records; and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions." Meridian, 958 F.2d at 1232. Once the objecting party has demonstrated that the debtor's failure to keep records has made it impossible to ascertain the debtor's financial condition and material business transactions, the burden shifts to the debtor to demonstrate that the failure to keep records was justified. Id. at 1232-33. In making this determination, the court considers "the education, experience and sophistication of the debtor; the volume of the debtor's business; the complexity of the debtor's business; the amount of credit extended to debtor in his business; and any other circumstances that should be considered in the interest of justice." Id. at 1231.

      The Bankruptcy Court concluded that, even when viewing the facts in a light most favorable to the Credit Union, the facts still did not support the Credit Union's position that the Debtor provided sub-par disclosure or that it was impossible to trace Debtor's financial history from the records provided. Bankr. Dec. (Dkt. No. 3, App. Ex. 9) at 9. The Bankruptcy Court based this conclusion on the fact that Debtor's financial history was straightforward, she had provided numerous documents to trace her financial history, and the only requested documents Debtor denied the Credit Union were cancelled checks, which the Bankruptcy Court concluded were unnecessary. Id.

      The Credit Union contends that "the debtor is a highly educated professional that engages in conduct that requires the regular retention of business records as part of her employment," and

"should reasonably be able, and be expected, to record their day-to-day business and personal expenses." Appellant's Memo. (Dkt. No. 7) at 12. It states that Debtor's records are not sufficient to properly present the financial condition of Debtor and that the records fail to explain how nearly one-half of Debtor's income was disposed. Id. at 13.

A review of the record supports the Bankruptcy Court's conclusion. Debtor is a salaried employee of a copy machine sales company and her bankruptcy petition represents a "garden variety" filing. In response to the Credit Union's discovery requests, Debtor produced several utility bills from Niagara Mohawk, the title for her automobile, a statement of her cellular phone bills for a six-month period from Verizon Wireless, and a check stub from her employer. See Motion to Dismiss (Dkt. No. 3, App. Ex. 4, Ex. D, E, F). Debtor also provided account statements for her checking accounts at the Credit Union and an account held at Watertown Savings Bank, and her tax returns for 2001 and 2002. See Appellant's Memo. (Dkt. No. 7) at 11; Shaffer Aff. (Dkt. No. 3, App. Ex. 7) at ¶ 3. Accordingly, Appellant has failed to make a satisfactory showing that Debtor failed to keep or preserve adequate records or that such failure made it impossible to ascertain the Debtor's financial condition and material business transactions.

### B.   Section 727(a)(4)(A)

Bankruptcy Code § 727(a)(4)(A) provides that a debtor will not be granted a discharge if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). "To sustain an objection to discharge, an objecting creditor must establish the following elements: (1) the debtor made a statement under oath; (2) such statement was false; (3) the debtor knew the statement was false; (4) the debtor made the

statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." First Am. Bank of New York v. Bodenstein (In re Bodenstein), 168 B.R. 23, 25 (Bankr. E.D.N.Y. 1994) (citing In re Beaubouef, 966 F.2d 174, 178 (5th Cir. 1992) and Bank of India v. Sapru (In re Sapru), 127 B.R. 306, 314 (Bankr. E.D.N.Y. 1991)).

The denial of a discharge under 11 U.S.C. § 727(a)(4)(A) cannot be imposed where the false statement was the result of a simple mistake or inadvertence. Cont'l Ill. Nat'l Bank and Trust Co. of Chi. v. Bernard (In re Bernard), 99 B.R. 563, 570 (Bankr. S.D.N.Y. 1989). Rather, to sustain an objection to discharge under § 727(a)(4)(A), the debtor must have willfully made a false statement with intent to defraud his creditors. Economy Brick Sales, Inc. v. Gonday (In re Gonday), 27 B.R. 428, 433 (Bankr. M.D. La. 1983).

In its memorandum, the Credit Union repeatedly alleges potential false oaths in Debtor's Bankruptcy Schedule "I", or income statement. Appellant's Memo. (Dkt. No. 7) at 4-8. In its decision, the Bankruptcy Court noted that the Credit Union's allegation concerning Debtor's income was not contained in its complaint, the Credit Union did not move to amend its complaint, and the affidavit of Joy Shaffer in support of this allegation was submitted after the deadline without leave of the court. Bankr. Dec. (Dkt. No. 3, App. Ex. 9) at 3, n. 2. Pursuant to Federal Rule of Bankruptcy Procedure 7016 and Federal Rule of Civil Procedure 16, the Bankruptcy Court disregarded the late submissions and limited its discussion of fraudulent conduct to the allegations contained in the Credit Union's complaint. Id. at 3 n. 2, 10. The Credit Union does not allege that the Bankruptcy Court's decision to disregard the late submissions was in error and therefore this Court will review only the allegations of fraudulent conduct contained in the Credit Union's complaint.

As listed in the complaint, the four instances of alleged fraudulent conduct were: (1) that Debtor maintains a lower level apartment in a small house and lives alone, yet her heating and electric bills are in amount equal for a family of four; (2) that Debtor claims business expenses that are not contained in her tax returns; (3) that Debtor maintains a horse but claims to be insolvent; (4) that Debtor's transportation expenses seem grossly inflated. Complaint (Dkt. No. 3, App. Ex. 1) at ¶ 25(a-d).

The Bankruptcy Court concluded that the Credit Union's allegations of four instances of fraudulent conduct by Debtor were merely speculative and were not factually supported to raise a genuine issue of material fact. Bankr. Dec. (Dkt. No. 3, App. Ex. 9) at 11. Additionally, the Bankruptcy Court found that the Credit Union failed to make a sufficient showing to establish the inference of fraudulent intent on the part of the Debtor. Id.

In its memorandum, the Credit Union only addresses one of these four allegations, asserting that in Debtor's affidavit, which seeks to explain her transportation expenses, she "attempts to use a mileage calculation based on gas prices at the time of the motion; not the time of the filing; which differed by approximately 20%." Appellant's Memo. (Dkt. No. 7) at 5. Yet, the Credit Union does not allege that this information was presented to the Bankruptcy Court, and further fails to demonstrate that it raises a genuine issue of material fact. Additionally, the Credit Union does not allege any facts which create a sufficient showing to establish the inference of fraudulent intent as required by § 727(a)(4) with regards to the allegations contained in its complaint. Therefore, the Bankruptcy Court was correct in concluding that the Credit Union failed to present any factual proof to substantiate the allegations of fraudulent conduct pled in its complaint.

C.     Section 727(a)(6)

Section 727(a)(6) provides that a discharge should not be granted if the debtor has refused to "obey any lawful order of the court". 11 U.S.C. § 727(a)(6). In its complaint, the Credit Union contends that Debtor refused to obey the Bankruptcy Court's February 10, 2004 order requiring Debtor to appear at the § 2004 Examination and to provide the counsel for the Credit Union with "all documentation demanded . . . including all records of purchases, receipts and banking records relating to the debtor." Complaint (Dkt. No. 3, App. Ex. 1) at ¶ 11. The Credit Union alleges that certain banking records were requested and counsel for Debtor refused to produce such documents as it would result in an expense. Id. at ¶ 13.

The Bankruptcy Court found the allegation "wholly unsubstantiated", and that a review of the transcript of the § 2004 Examination demonstrated that Debtor did agree to provide the Credit Union with Debtor's Watertown Savings Bank statements but objected to a request for cancelled checks as there would be a fee associated with their production. Bankr. Dec. (Dkt. No. 3, App. Ex. 9) at 12. Following the objection at the § 2004 Examination, counsel for the Credit Union replied, "All right, That's fine," and no further discussion ensued over the production of documents. Id.; 2004 Exam. Tr. (Dkt. No. 3, App. Ex. 4, Ex. B) at 21-24. Therefore, the Bankruptcy Court found that no violation of a court order occurred. Id.

The Credit Union does not challenge this conclusion and this Court's review of the transcripts also finds that the Credit Union has failed to show any basis on which to find that the Debtor violated an order of the court, and therefore failed to meets its burden to maintain a § 727(a)(6) cause of action.

### III.    CONCLUSION

Accordingly, it is hereby:

ORDERED, that the July 27, 2004 Memorandum Decision-Order of the Bankruptcy Court is **AFFIRMED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:      May 05, 2005
            Albany, New York

                                    _____
                                    Lawrence E. Kahn
                                    U.S. District Judge